1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMANUEL LEONARD FINCH SR.,

                Plaintiff,

    v.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA,

                Defendants.

Case No. C19-6131-RJB-TLF

REPORT AND
RECOMMENDATION
NOTED FOR: **MAY 1, 2020**

Plaintiff proceeds *pro se* and *in forma pauperis* in this civil rights action. Plaintiff now moves to voluntarily dismiss his case without prejudice. Dkt. 10. The complaint has not been served on defendant.

For the reasons described below, the Court should GRANT the plaintiff's motion to dismiss the action without prejudice (Dkt. 10).

**BACKGROUND**

Plaintiff is a state prisoner who is housed at Airway Heights Corrections Center. In his complaint, plaintiff alleges defendant, the United States District Court for the Western District of Washington, at Tacoma, violated his federal constitutional rights to due process, equal protection and access to courts. Dkts. 1, 8, at 12, 18. He also alleges violations of his rights under 42 U.S.C §§ 1981,1985(3), and 1986. *Id.*, at 2. Plaintiff's claims relate to decisions made by the Court in a civil rights action previously

REPORT AND RECOMMENDATION - 1

1   filed by plaintiff against his former criminal defense attorney, K. Richard Whitehead, and

2   the Department of Assigned Counsel. *See Finch v. Whitehead*, 19-cv-5675-RBL-JRC,

3   Dkts. 23, 25, (W.D. Wash., Nov. 12, 2019). Plaintiff's complaint in that prior action

4   alleged ineffective assistance of counsel at his trial and sought reversal, remand, or a

5   new trial, but not damages. *Id.* By order dated November 12, 2019, the Court dismissed

6   plaintiff's 42 U.S.C. § 1983 claim finding plaintiff's claim must be brought in federal court

7   as a § 2254 petition for writ of habeas corpus—not § 1983. *Id.* Plaintiff's complaint also

8   alleged claims of legal malpractice and conspiracy arising under state and federal law

9   which the Court dismissed as barred by the statute of limitations. *Id.*

10   In the instant case, plaintiff indicates he disagrees with the dismissal of his prior

11   action. Dkts. 1, 8. He argues, in part, that the U.S. District Court did not have "Subject

12   Matter Jurisdiction" over his claim brought under the Rules for Enforcement of Lawyer

13   Conduct (E.L.C.) 1.4, and that the U.S. District Court discriminated against him on the

14   basis of his race in dismissing his prior action. *Id.* He also alleges the U.S. District Court

15   conspired with defendants and their attorneys in his prior action to deprive him of his

16   constitutional right to equal protection of the law. *Id.* Plaintiff's claims appear to be

17   based upon his disagreement with the outcome of his prior action as well as the fact

18   that he is African American and his argument that "[i]t is well known that African

19   Americans and people of color are not treated fairly in the Courts system." *Id.*, at 18.

20   As relief, plaintiff requests the Court "remand the rule created by the Washington

21   State Supreme Court E.L.C. 1.4 and Order Attorney K. Richard Whitehead and

22   Department of Assigned Counsel to turn over a copy (but not limited to) the Medical

23

24

25

1    Summary Report, and a copy of the Warrants made on August 13, 2010 regarding Mr.

2    Finch's residence on that day." *Id.*

3        Plaintiff's complaint has not yet been served on any defendant. On April 6, 2020,

4    plaintiff filed the instant motion to voluntarily dismiss his case without prejudice. Dkt. 10.

5                                    **DISCUSSION**

6        Federal Rule of Civil Procedure 41(a)(1) governs procedures for voluntary

7    dismissal of an action and provides:

8        (1) [A]n action may be dismissed by the plaintiff without order of court (i) by filing
            a notice of dismissal at any time before service by the adverse party of an
9            answer or of a motion for summary judgment, whichever first occurs. . . .
            Unless otherwise stated in the notice of dismissal . . ., the dismissal is without
10           prejudice. . . .
         (2) …Except as provided in Rule 41(a)(1) [above], an action may be dismissed at
11           the plaintiff's request only by court order, on terms that the court considers
             proper.

12   Here, defendant has not yet been served and therefore has not filed an answer

13   summary judgment.

14       Plaintiff may voluntarily dismiss this action as a matter of right, without the

15   permission of the Court or the defendants, at this stage.[1] Accordingly, plaintiff's motion

16   to voluntarily dismiss (Dkt. 10) should be GRANTED and the complaint DISMISSED

17   WITHOUT PREJUDICE.

18       Although it need not reach the issue, the Court also notes that plaintiff's

19   complaint, as currently pled, does not appear to state a claim. To the extent he brings

20   claims under 42 U.S.C. §§ 1983 and 1981, he fails to name a state actor. *See Morse v.*

21   *North Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) (stating that "by its

22

23   _____

     [1] The Court notes that plaintiff offers no explanation for his decision to voluntarily dismiss his action, but
24   no explanation is required.

25

very terms, § 1983 precludes liability in federal government actors"); *Gottschalk v. City and Cty. of S.F.*, 964 F. Supp. 2d 1147, 1162-63 (N.D. Cal. 2013) ("[B]y their very terms, [§§ 1981 and 1983 claims] apply to individuals acting 'under color of state law' and not under color of federal law."). He also cannot bring a *Bivens* claim against a federal entity. *See generally FDIC v. Meyer,* 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (Bivens claim is an action against individual federal actors and is not available against a federal agency). Furthermore, plaintiff generally may not collaterally challenge orders or judgments entered in a previous case by bringing a new action. Rather, an appeal or other relief must be sought in the original case. 28 U.S.C. § 1291; *see Mitchell v. City of Los Angeles,* 753 F.2d 86, 87 (9th Cir.1984) (failure to appeal order dismissing earlier case may not be collaterally attacked); *see also Fleury v. Clayton,* 847 F.2d 1229, 1233 (7th Cir.1988) ("The Due Process Clause does not authorize collateral attacks on civil judgments[.]").

Plaintiff did not name individual federal judges in his complaint but, even if he had, federal judges are generally immune from *Bivens* claims for actions taken in their judicial capacity whether those claims seek damages, declaratory, injunctive or other equitable relief. *See Mullis v. Bankruptcy Court for the District of Nevada,* 828 F.2d 1385, 1394 (9th Cir. 1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). Plaintiff also fails to allege any facts to support a claim of conspiracy for purposes of depriving him of equal protection of the law under 42 U.S.C. §§ 1985(3) and 1986. The only facts plaintiff alleges to support these claims are that he disagrees with the decision of the U.S. District Court in his prior action, and he is African American. Plaintiff fails to allege any facts from which it could be plausibly inferred that

1   the U.S. District Court and defendants in the prior action conspired together to dismiss

2   plaintiff's prior action because plaintiff is African American. Dkts. 1, 8. This is

3   insufficient.

### CONCLUSION

5        For the foregoing reasons, plaintiff's motion to dismiss (Dkt. 10) should be

6   GRANTED and the complaint DISMISSED WITHOUT PREJUDICE.

7        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall

8   have **fourteen (14) days** from service of this Report and Recommendation to file written

9   objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of

10  those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

11       Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set

12  the matter for consideration on **May 1, 2020**, as noted in the caption.

        Dated this 10th day of April, 2020.

*Theresa L. Fricke*
_____
Theresa L. Fricke
United States Magistrate Judge